T. C. and L. A. BECKHAM, Ex'rs., &c., *v.* WITTKOWSKI & RINTELS.

Where one of two executors had informed creditors of his that certain cotton in a warehouse belonged to him, and thereupon they attached the same for a debt due by him: *Held*, that such executors, upon interpleading, were not estopped by the declarations made as above.

Executors who had qualified in South Carolina, and afterwards removed property from that State into this, may maintain a suit here for such property, without again proving the will, and taking out letters : in such case they need only show a duly certified copy of the record, &c. in South Carolina, as evidence of their title.

ATTACHMENT, tried before *Logan, J.,* at Spring Term 1870, of MECKLENBURG Court.

The property attached was four bales of cotton, seized in the possession of one Bryce, at Charlotte, as the property of the plaintiff, L. A. Beckham, a resident of South Carolina, by the defendants, who were his creditors. It was shown that he had told them that it was his private property. A question was thereupon raised, whether the plaintiffs were not *estopped* to show that the cotton belonged to them, as executors of another Beckham also a resident of South Carolina, and had, after his death, been sent by them, as executors, to Charlotte, and been deposited with Bryce.

T. C. & L. A. BECKHAM, Ex'rs., &c., v. WITTKOWSKI & RINTELS.

It was also objected, that the plaintiffs had not proved the will, and qualified again in this State, as was alleged to have been their duty before suing here.

Under the instructions of his Honor, there was a verdict for the plaintiffs. Judgment accordingly, and Appeal by the defendants.

*Dowd*, for the appellants.
*Barringer, contra.*

READE, J. There are two questions presented in this case :

1. Whether, if one of the plaintiffs, L. A. Beckham, deposited the cotton in his own name with Bryce, he and the other plaintiff, T. C. Beckham, were estopped, after it had been levied on by the defendants, as the property of L. A. Beckham, from claiming the cotton as the property of the plaintiffs as executors of J. C. Beckham. It will be observed that the question is not whether the plaintiffs are estopped to deny title in L. A. Beckham, the depositor, so as to defeat any lien which Bryce had for advancements, but whether they are estopped to show the truth as against the defendants, who are strangers to the transaction. Clearly they are not : if for no other reason, because estoppels must be mutual, and there is no mutuality here. The most that can be made of L. A. Beckham's alleged declaration that the cotton was his individual property, is, that it was a falsehood which did the defendants no harm, and of which they had no right to take advantage.

2. Whether the plaintiffs, who were the executors of J. C. Beckham in South Carolina, could sue in North Carolina without proving the will and taking out letters testamentary here. We think they could. The cotton was raised in South Carolina, and was the property of the executors, to be ad-

ministered there, and it was only brought to this State on sale in the market, when it was seized by the defendants.

The plaintiffs had the right to sue here for the property, and to offer a duly certified copy of the record of the probate of the will and of their qualification in South Carolina, as evidence of their title, just as they would have the right to offer a bill of sale or any other instrument as evidence of title. It would have been otherwise if the property had been located in North Carolina at the death of the testator, to be administered here. In that case, it would have been necessary, under our statute, to exhibit a certified copy of the record of probate and qualification in South Carolina, in our Courts in North Carolina, for probate, and of the qualification of the executors in North Carolina; but as the property was not to be administered in North Carolina, there was no reason for taking out letters here. It was a simple question of title.

There is no error.

PER CURIAM.                    Judgment affirmed.